UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JAMES MARSHALL,

                                                 Plaintiff,

   -against-

MICHAEL COMPITELLO; SEAN BAUER; ANTHONY GULOTTA; JOHN SIKORA; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently

                                                 Defendants.
-------------------------------------------------------------------------X

**FIRST AMENDED**
***COMPLAINT AND***
***JURY DEMAND***

Docket No.
1:15-cv-750

ECF CASE

      Plaintiff James Marshall, by his attorney Cary London, of London Indusi, LLP, for his complaint against Defendants alleges as follows:

**PRELIMINARY STATEMENT**

      1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

      2. The claim arises from a May 12, 2014 incident in which Defendants, acting under color of state law, unlawfully entered Mr. Marshall's home without a warrant and violently jumped on Mr. Marshall, who was laying in his bed with his daughter. The Defendants then arrested Mr. Marshall for no valid reason. Mr. Marshall spent approximately 24 hours unlawfully in police custody. After multiple court appearances, Mr. Marshall's case was dismissed and

1

sealed on January 22, 2015.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff James Marshall ("Mr. Marshall") resided at all times here relevant in Kings County, City and State of New York.

8. Defendant Michael Compitello, Shield No. 31904 ("Compitello") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Compitello was, at the time relevant herein, a Police Officer under Shield # 31904 of the 75th Precinct. Defendant Compitello is sued in his individual capacity.

9. Defendant Sean Bauer, Shield No. 6919 ("Bauer") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant

and employee of the City of New York. Defendant Bauer was, at the time relevant herein, a Police Officer under Shield # 6919 of the 75th Precinct. Defendant Bauer is sued in his individual capacity.

10. Defendant Anthony Gulotta, Shield No. 3094 ("Gulotta") was, at all times here relevant, a sergeant employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Gulotta was, at the time relevant herein, a Sergeant under Shield # 3094 of the 75th Precinct. Defendant Gulotta is sued in his individual capacity.

11. Defendant John Sikora, Shield No. 22496 ("Sikora") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Sikora was, at the time relevant herein, a Police Officer under Shield # 22496 of the 75th Precinct. Defendant Sikora is sued in his individual capacity.

12. At all times relevant Defendants John Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John Doe 1 through 10.

13. At all times relevant herein, Defendants John Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John Doe 1 through 10 are sued in their individual and official capacities.

14. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

**FACTUAL CHARGES**

15. On May 12, 2014, at approximately 1:30 a.m., Mr. Marshall was at his home located at 134 Sheridan Avenue in Brooklyn, New York.

16. Mr. Marshall was in his bedroom at his home, laying on his bed with his daughter, L.M., who was approximately 6 months old at the time.

17. Defendants, including Compitello, Bauer, Gulotta, and Sikora unlawfully entered Mr. Marshall's home without a warrant.

18. After unlawfully entering Mr. Marshall's home, Defendants, including Compitello, Bauer, Gulotta, and Sikora then unlawfully entered Mr. Marshall's bedroom without a warrant.

19. Defendants then jumped on Mr. Marshall's bed and kneed Mr. Marshall in his throat, causing pain and suffering.

20. Defendants, including Compitello, Bauer, Gulotta, and Sikora then unlawfully handcuffed Mr. Marshall and placed him under arrest.

21. Defendants had no probable cause or reasonable suspicion to arrest Mr. Marshall.

22. At no point did Defendants observe Mr. Marshall commit any crime or offense.

23. Mr. Marshall did not violate any law or local ordinance.

24. Mr. Marshall did not resist arrest.

25. Defendants, including Compitello, Bauer, Gulotta, and Sikora conveyed false information to prosecutors in order to have Mr. Marshall prosecuted for Endangering the Welfare of a Child, and other related charges.

26. Mr. Marshall was unlawfully held in police custody for approximately 22 hours and arraigned on those charges.

27. After multiple court appearances, on January 22, 2015, Mr. Marshall's case was dismissed and sealed.

28. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Marshall without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Marshall without probable cause.

29. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Marshall and violate his civil rights.

30. As a direct and proximate result of the acts of Defendants, Mr. Marshall suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

### **FIRST CAUSE OF ACTION**
Unlawful Entry and Search
42 U.S.C. § 1983 Against Individual Defendants

31. The above paragraphs are here incorporated by reference as though fully set forth.

32. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered the home of plaintiff without probable cause, consent or a warrant.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

### **SECOND CAUSE OF ACTION**
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

34. The above paragraphs are here incorporated by reference as though fully set forth.

35. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

36. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and

imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

37. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

39. The above paragraphs are here incorporated by reference as though fully set forth.

40. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

42. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

44. The above paragraphs are here incorporated by reference as though fully set forth.

45. Defendant Bauer created false evidence against Plaintiff, to wit, sworn documents and

statements alleging Mr. Marshal committed the unlawful acts described above.

46. Defendant Bauer forwarded false evidence to prosecutors in the Kings County District Attorney's office.

47. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, Defendant Bauer violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendment of the United States Constitution.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Excessive Force Under
42 U.S.C. § 1983

49. The above paragraphs are here incorporated by reference as though fully set forth.

50. The individual Defendants used excessive, unreasonable and unnecessary force with Plaintiff.

51. The Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the Plaintiff without consent.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SIXTH CAUSE OF ACTION**
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

53. The above paragraphs are here incorporated by reference as though fully set forth.

54. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

56. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

- a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;
- b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;
- c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;
- d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
- e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 8, 2015
Brooklyn New York

Respectfully submitted,

           /s/ Cary London, Esq.
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Marshall
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax

Cary@LondonIndusi.com